To be compensable under the terms of the Workmen's Compensation Act, an injury must be proximately caused by an accident arising out of and suffered in the course of employment. N.C.G.S. §97-2 (6). Unless the cause and effect relationship are plainly evident to the Commission, there must be competent expert medical evidence to support the inference that the accident in question resulted in the condition complained of, i.e., that it at least could or might have produced the particular disability in question.Click v. Pilot Freight Carriers, Inc., 300 N.C. 164, 167,265 S.E.2d 389 (1980). The plaintiff sought medical treatment for multiple non-work related problems after he was released to return to work on December 16, 1992. In particular, the records of his treatment in the weeks following the accident suggest that his abdominal pains were unrelated to the original shoulder pull. The deputy commissioner's decision conforms to the expert medical opinion in finding that any medical problems that may have made it difficult for plaintiff to return to employment after December 16, 1992, were not work-related.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, other than minor changes, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was self-insured.
4. Plaintiff's average weekly wage was $348.44, yielding a compensation rate of $232.30 per week.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was forty-six years old. He had an eighth grade education.
2. Plaintiff began his employment with defendant-employer on July 15, 1992. Plaintiff was employed by defendant-employer as a maintenance mechanic, and his duties included cleaning, painting, waxing floors, and general maintenance of the grounds and buildings.
3. On October 16, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a large limb he was attempting to saw with a pole tree-trimmer suddenly and unexpectedly jerked, pulling his left arm and shoulder. The pain subsided and plaintiff continued to work the rest of that day.
4. Plaintiff did not report the incident to his supervisor and continued to work his regular job duties until December 1, 1992, at which time he first sought medical treatment from Dr. George West, his family doctor. As a result of the incident on October 16, 1992, plaintiff had a left thoracic muscle sprain. He was taken out of work and referred to an orthopaedic surgeon, Dr. Kasselt.
5. Plaintiff was released to return to regular work duties as of December 16, 1992, but failed to do so due to non-work related physical complaints.
6. After December 16, 1992, plaintiff sought medical treatment from numerous physicians for multiple non-work related problems, including pain in his chest after he had stepped in a hole, a large lesion and recurrent keloid on the left axilla, abdominal pain, fatigue, and a lipoma on the right back.
7. Plaintiff's last day of work for defendant-employer was December 1, 1992. He was discharged from his job on January 25, 1993, for unsatisfactory job performance. His discharge was unrelated to any injury he sustained on October 16, 1992. He has not worked for defendant-employer or any other employer since the termination of his job.
8. As the result of the injury by accident which occurred on October 16, 1992, plaintiff was unable to perform his regular job from December 1, 1992 until December 16, 1992. There is insufficient medical evidence in the record from which to prove by its greater weight that plaintiff sustained any continuing disability as the result of the October 16, 1992 accident.
9. On December 22, 1992, two months after the compensable incident, plaintiff informed defendant-employer of the accident. He failed to give timely notice of the accident because he did not realize the extent of his injury and believed that the pain would go away as the sprained muscle improved. He also was concerned about reporting the accident since he was a newly-hired employee. Therefore, plaintiff had reasonable excuse for not giving written notice to defendant-employer within 30 days of the injury, and defendant-employer failed to show that it was prejudiced by his failure to give timely notice.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on October 16, 1992. N.C. Gen. Stat. § 97-2 (6).
2. As the result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $232.30 per week for the period from December 1, 1992 through December 16, 1992, less the seven (7) day waiting period. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment by defendant-employer of medical expenses related to the compensable injury on October 16, 1992, when such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25. Payment of medical expenses includes treatment by Dr. West and Dr. Kasselt and any further treatment for the left shoulder, but does not include medical treatment for his other non-job related complaints.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $232.30 per week for the period from December 8, 1992 through December 16, 1992. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee hereinafter approved.
2. Defendant-employer shall pay medical expenses incurred, or to be incurred, by plaintiff as the result of his compensable injury on October 16, 1992, when such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, or lessen plaintiff's period of disability. The approved medical treatment shall include Dr. West and Dr. Kasselt but no further medical treatment unless directly related to the left shoulder sprain.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraph 1 of this Award is approved for plaintiff's counsel of record at the initial hearing, and shall be deducted from the lump sum due plaintiff and paid directly to his counsel.
4. Defendant-employer shall pay the costs.
 S/ _________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ THOMAS J. BOLCH COMMISSIONER
JRW/jss/tmd 6/28/95